# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALLISTER GUERRA, #37472-083 | * | Civil Action No. JFM-11-2731 |
| | | Criminal Action No. JFM-02-382 |
| Petitioner | * | |
| v | * | |
| UNITED STATES | * | |
| Respondent | * | |

***

## MEMORANDUM

Before the court is Allister Gurerra's third petition for writ of audita querela under 28 U.S.C. §1651. For reasons to follow, the court finds no basis to issue the writ and the petition will be denied.

I. Background

Allister Guerra, an inmate at the Federal Correctional Institution- Sheridan in Oregon, pleaded guilty to bank robbery and using a firearm during a crime of violence. On June 5, 2003, this court sentenced him to a 108- month term of imprisonment. On February 24, 2010, Immigration and Customs Enforcement notified him that a deportation detainer had been lodged against him. Complaint, p. 2. In his petition, Guerra posits that he would not have pleaded guilty had he known that he might suffer immigration consequences as a result. He claims a Writ of Audita Querela is the "only remedy available" to him. *See id.*

II. Discussion

The court is mindful that the self-represented petitioner specifies, as he did in his previous petitions for writ of audita querela,[1] that his pleading is not a successive motion under

---

[1] *See Guerra v. United States*, Civil Action JFM-09-536 (D. Md.); *Guerra v. United States*, Civil Action JFM-09-2690 (D. Md.).

28 U.S.C. § 2255. Petitioner posits that he is not attempting to evade the procedural requirements for filing a successive § 2255 petition.

Regardless of how petitioner characterizes the pleading, however, the subject matter of the motion, and not the title he assigns, will determine its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998); *see also United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Where, as here, a pleading clearly challenges a petitioner's sentence, a § 2255 motion is the appropriate legal proceeding to request relief. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) (*en banc*). Section 2255 is the presumptive means for a federal inmate to collaterally attack his sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Guerra's first § 2255 petition was denied on December 19, 2003. *See Guerra v. United States*, Civil Action No. JFM-03-2760 (D. Md). Second or successive motions under § 2255 may not be filed absent leave to do so from the Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A)& 2255; *In re Avery W. Vial,* 115 F.3d at1197-98. Guerra provides no evidence of such pre-filing authorization.

Guerra fails to demonstrate extraordinary circumstances where other post-conviction remedies are unavailable to warrant relief under audita querela.[2] The writ is not available to challenge a conviction or sentence where the claims could have been raised pursuant to 28 U.S.C. § 2255. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985) that " '[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and " '[w]here a statute specifically addresses the particular issue at hand, it is that

---

[2] The writ cannot be obtained on purely equitable grounds. *See Muirhead v. Attorney General of U.S.*, 262 F. App'x. 473, 474 (3d Cir. 2008); *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995); *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991).

authority, and not the All Writs Act, that is controlling.'"); *see also United States v. Valdez-Pacheco*, 237 F.3d 1077, 679 (9th Cir. 2001) (courts have limited audita querela to instances where there are gaps in the framework of federal post-conviction relief and no other remedy is available). The remedy provided under § 2255 is neither inadequate nor ineffective because a petitioner does not meet the gatekeeping requirements set forth in the federal habeas statute. *See* 28 U.S.C. 2244(b)(3)(A); *Valdez-Pacheco*, 237 F.3d at 1080. Consequently, resort to the residual authority of the All Writs Act is unnecessary and improper.[3]

III. Conclusion

For these reasons, the court finds no grounds to issue the writ. The court declines to issue a certificate of appealabilty because petitioner has not "made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c) (2). A separate order follows.

 October 7, 2011 /s/
 Date J. Frederick Motz
 United States District Judge

---

[3] To the extent Guerra, who is self-represented in this matter, might be seeking extraordinary relief based on a writ of error coram nobis in reliance on the Supreme Court's decision in *Padilla v. Kentucky*, __U.S. __, 130 S.Ct. 1473, 1480–81(2010), his petition would be unavailing. In *Padilla*, the Court held that counsel's failure to advise the defendant of the deportation consequences of the guilty plea was ineffective assistance of counsel in violation of the Sixth Amendment. *See* at 1483. ("[W]hen the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear."). The Fourth Circuit has stated in an unpublished opinion that "nothing in the *Padilla* decision indicates that it is retroactively applicable to cases on collateral review." *United States v. Hernandez–Monreal*, 404 F. App'x 714, 715 n. * (4th Cir. 2010). Whether or not Padilla is retroactive, Guerra's conclusory assertion fails to satisfy the standard for demonstrating constitutionally ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show both that counsel's performance was deficient and he was prejudiced by the deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The standard is "highly deferential," and there is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id*. at 669. The petition fails to address, much less satisfy, this standard.